# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 26, 2014

## RAMSEY HARRIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Bradley County**
**No. 13-CR-81      Carroll L. Ross, Judge**

---

**No. E2013-01770-CCA-R3-PC - Filed April 23, 2014**

---

Petitioner, Ramsey Harris, pleaded guilty to aggravated assault, false reporting to a law enforcement officer, and two counts of felony theft of property. He received an effective sentence of twenty years as a Range III offender. As part of the plea agreement, several other charges were dismissed. In his post-conviction proceedings, petitioner asserts that numerous errors with respect to trial counsel's advice to him regarding the guilty plea to false reporting amounted to ineffective assistance of counsel. Following our review, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JEFFREY S. BIVINS, JJ., joined.

C. Richard Hughes, Jr., District Public Defender; and Keith Roberts, Assistant District Public Defender, Cleveland, Tennessee, for the appellant, Ramsey Harris.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Robert Steven Bebb, District Attorney General; and Andrew D. Watts, Assistant District Attorney General, for the appellee, State of Tennessee

**OPINION**

**I. Facts and Procedural History**

**A. Guilty Plea Submission Hearing**

On December 12, 2012, petitioner entered a guilty plea to the charge of false reporting to a law enforcement officer. At the guilty plea submission hearing, the State offered the following facts in support of the charge:

| The State: | Your Honor, it was actually a stop on a traffic offense . . . When he was [asked] about his name and Social Security number, he gave false names to the officers involved in that, knowing that there [were] outstanding warrants and he didn't have a driver's license . . . . |
|---|---|
| Trial counsel: | And . . . Judge, that in fact is correct. [Petitioner] told me that he in fact did give the officer false information and would not have a defense to that charge. |

Thereafter, the trial court accepted petitioner's guilty plea to the charge of false reporting and imposed the agreed-upon sentence of eight years, to be served consecutively to a twelve-year sentence for aggravated assault, as a Range III offender at forty-five percent release eligibility. Petitioner also received concurrent eight-year sentences for two counts of theft of property valued at $1,000 or more but less than $10,000.

**B. Procedural History**

Following petitioner's guilty pleas in December 2012, he timely filed a petition for post-conviction relief on February 27, 2013. The post-conviction court appointed counsel, who filed an amended petition. Petitioner alleged that trial counsel was ineffective with respect to the advice he gave petitioner in conjunction with the guilty plea to false reporting, rendering his plea involuntary. The post-conviction court held a hearing on the petition on July 3, 2013, and denied relief by written order dated July 9, 2013. This appeal follows.

**C. Post-Conviction Evidentiary Hearing**

The petitioner testified first and stated that his family retained trial counsel to represent him on several outstanding criminal charges, including attempted first degree murder. On December 10, 2012, he resolved the attempted first degree murder charge by

-2-

pleading guilty to aggravated assault in conjunction with the remainder of his criminal charges.[1] He clarified that in post-conviction proceedings, he specifically challenged the guilty plea he entered on the charge of false reporting.

Petitioner maintained that prior to entering the guilty plea, he met with trial counsel on one occasion. His family retained trial counsel "within the last month that [he] pled guilty," and he met with trial counsel one time, for fifteen to twenty minutes, at an "attorney visitation" while he was incarcerated. Their conversation primarily involved the attempted first degree murder with which petitioner was charged. Petitioner said that during the meeting, trial counsel did not review the elements of false reporting with him. He claimed that he only learned the elements of the offense after entering the state prison, where he researched the offense in the prison law library. Thereafter, he became convinced that he was not guilty of the charge. He said that had trial counsel reviewed the elements of the offense with him, it would have changed his decision about entering the guilty plea.

Petitioner explained that the basis of the charge of false reporting was that he "assumed a false identity" when he was first questioned at a traffic stop. He also provided a false birth date and a false social security number to the officer. Petitioner said that at the time he was stopped, there were no outstanding criminal warrants against him.

On cross-examination, petitioner admitted that he provided false information to the officer because his driver's license had been suspended and that he did not want to be arrested for driving with a suspended license. He denied any recollection of the State's recitation of facts at the guilty plea submission hearing supporting the charge of false reporting. However, he admitted that the trial court asked if he was, in fact, guilty of the charge and that he responded that he was pleading guilty because he was guilty of the charge. He recalled being asked if he was satisfied with his attorney's representation and being told the range of punishment for the offense.

Petitioner said that he did not ask any questions of trial counsel at the hearing because he presumed that trial counsel "knew what was best for [him] to" do and that he was accepting a best-interest plea. Petitioner admitted that he entered his guilty plea knowingly and voluntarily, without coercion, based upon advice of counsel.

---

[1] We glean from the record that in addition to the charge of false reporting to a law enforcement officer in case number 12-415 and attempted first degree murder in case number 12-453, petitioner had several other criminal charges pending against him: theft of property valued at less than $500 and possession of drug paraphernalia, case numbers not included in the record; theft of property valued at $1,000 or more but less than $10,000 (two vehicles), case numbers 12-279A and 12-403; and failure to report as a convicted sex offender, case number 12-211. The plea agreement encompassed disposition of all outstanding charges; however, petitioner only challenges the guilty plea for false reporting.

Trial counsel, an attorney since 1976, had practiced exclusively in the area of criminal law for the previous twenty to twenty-five years at the time of the post-conviction hearing. He testified that he was retained to represent petitioner on November 19, 2012. He did not visit petitioner in jail; however, he met with petitioner privately for twenty to twenty-five minutes on a plea day when petitioner was brought to court. Trial counsel also testified that the State's original offer for the attempted first degree murder charge was fifty years to be served as a Range III, persistent offender at forty-five percent release eligibility. After plea negotiations, the parties agreed that the desired outcome was a sentence of twenty years to be served at forty-five percent release eligibility. Thus, the State offered to settle the charge of attempted first degree murder by reducing it to aggravated assault with a sentence of twelve years. Trial counsel and the State worked together to fill the additional eight-year term with one of petitioner's remaining charges, which was met by false reporting, a Class D felony, to be served consecutively. Trial counsel recalled that the purpose of advising petitioner to enter a best-interest plea to false reporting and aggravated assault was to have the State reduce the attempted first degree murder charge to aggravated assault and dispose of all remaining charges against him. Trial counsel also considered petitioner's potential sentence exposure if he were to be found guilty of all remaining charges. Trial counsel stated that he "didn't have any doubt" that the trial court would have imposed consecutive sentences for all convictions because of petitioner's prior criminal history and because he was on bond when some of the offenses were committed.

Trial counsel acknowledged that he likely did not review the elements of the offense of false reporting with petitioner because in trying to identify a charge that would carry an eight-year sentence, petitioner indicated that he might have had defenses to the two charges of theft of a vehicle but admitted that he gave the officer false information during the traffic stop. He emphasized that his primary concern was the attempted first degree murder charge because it was a serious felony and petitioner had nine prior felony convictions on his criminal record. Moreover, trial counsel clarified that the State's offer was a "package offer . . . if [petitioner] wanted to try any of them, we tried them all."

Trial counsel nonetheless opined that petitioner was aware of the ramifications of his pleading guilty to false reporting. Trial counsel indicated that petitioner was "extremely intelligent" and that he "was very knowledgeable about the criminal system." Petitioner knew the difference between Range II and Range III offenders and was aware of the impact that his prior criminal history had on his sentencing range. Trial counsel described petitioner as "very competent" and said that he understood he was entering "a best-interest plea because they needed to work a package out . . . ."

Petitioner was recalled and emphasized that he did not believe it was in his best interest to plead guilty to a felony offense when the facts of his case might have supported

-4-

a misdemeanor conviction instead because that would be "just one more . . . felony that [he] [had] to live and deal with on [his] record."

## II.  Analysis

In this appeal, petitioner raises the following allegations of ineffective assistance of counsel: (1) failing to properly advise petitioner that the charged offense of false reporting, a Class D felony, was unsupported by the law and the facts; (2) advising petitioner to plead guilty to an offense, false reporting, of which he was not guilty; and (3) advising petitioner to accept an eight-year sentence for false reporting, consecutive to a twelve-year sentence for aggravated assault, resulting in an effective twenty-year sentence.  Because the relevant facts and circumstances are interrelated, we will consolidate petitioner's three issues and address them collectively.

To obtain relief in a post-conviction proceeding, a petitioner must demonstrate that his or her "conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States."  Tenn. Code Ann. § 40-30-103.  A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence.  Tenn. Code Ann. § 40-30-110(f). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010) (quoting *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009)).

Appellate courts do not reassess the trial court's determination of the credibility of witnesses. *Dellinger v. State*, 279 S.W.3d 282, 292 (Tenn. 2009) (citing *R.D.S. v. State*, 245 S.W.3d 356, 362 (Tenn. 2008)).  Assessing the credibility of witnesses is a matter entrusted to the trial judge as the trier of fact. *R.D.S.*, 245 S.W.3d at 362 (quoting *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)).  The post-conviction court's findings of fact are conclusive on appeal unless the preponderance of the evidence is otherwise. *Berry v. State*, 366 S.W.3d 160, 169 (Tenn. Crim. App. 2011) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App.1997)).  However, conclusions of law receive no presumption of correctness on appeal. *Id.* (citing *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001)).  As a mixed question of law and fact, this court's review of petitioner's ineffective assistance of counsel claims is de novo with no presumption of correctness. *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011) (citations omitted).

The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, and article I, section 9 of the Tennessee Constitution require that a criminal defendant receive effective assistance of counsel. *Cauthern v. State*, 145 S.W.3d 571, 598 (Tenn. Crim. App. 2004) (citing *Baxter v. Rose*, 523 S.W.2d 930

(Tenn. 1975)).  When a petitioner claims that he received ineffective assistance of counsel, he must demonstrate both that his lawyer's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007) (citation omitted).  It follows that if this court holds that either prong is not met, we are not compelled to consider the other prong. *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004).

To prove that counsel's performance was deficient, petitioner must establish that his attorney's conduct fell below an objective standard of "'reasonableness under prevailing professional norms.'" *Finch*, 226 S.W.3d at 315 (quoting *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006)). As our supreme court held:

> "[T]he assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence. . . . Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations."

*Id.* at 315-16 (quoting *Baxter*, 523 S.W.2d at 934-35).  On appellate review of trial counsel's performance, this court "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 689).

To prove that petitioner suffered prejudice as a result of counsel's deficient performance, he "must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different." *Vaughn*, 202 S.W.3d at 116 (citing *Strickland*, 466 U.S. at 694).  "A 'reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).  As such, petitioner must establish that his attorney's deficient performance was of such magnitude that he was deprived of a fair trial and that the reliability of the outcome was called into question. *Finch*, 226 S.W.3d at 316 (citing *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999)).

The entirety of petitioner's argument(s) is that "he would not have pled [sic] guilty to false report, a Class D felony, if trial counsel had explained the elements of the crime of false report to him"; that he "was merely guilty of a Class A misdemeanor, criminal impersonation"; and that "counsel was ineffective in failing to fully advise him before he

entered his guilty plea to an effective twenty[-]year sentence." These conclusory statements, in and of themselves, offer no support for his argument(s).

To satisfy the prejudice prong of *Strickland* in the context of a guilty plea, a petitioner must demonstrate that "but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." *Hicks v. State*, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998). Moreover, a guilty plea must be entered knowingly, voluntarily, and intelligently. *Lane*, 316 S.W.3d at 562; *see North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). If a plea is not knowingly, voluntarily, and intelligently entered, the guilty plea is void because appellant has been denied due process. *Lane*, 316 S.W.3d at 562 (citing *Boykin*, 395 U.S. at 243 n.5). To make such a determination, the court must examine "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* Courts should consider the following factors when ascertaining the validity of a guilty plea:

> (1) the defendant's relative intelligence; (2) the defendant's familiarity with criminal proceedings; (3) the competency of counsel and the defendant's opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial.

*Id.* (quoting *Howell v. State*, 185 S.W.3d 319, 330-31 (Tenn. 2006)). "[A] plea is not voluntary if it results from '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Id.* at 563 (quoting *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993)). Thus, the transcript of the plea colloquy must affirmatively show that a defendant's decision to plead guilty was both voluntary and knowledgeable. *Id.* The trial court must ensure that the defendant entered a knowing and intelligent plea by thoroughly "'canvass[ing] the matter with the accused to make sure that he has a full understanding of what the plea connotes and of its consequences.'" *Id.* (quoting *Blankenship*, 858 S.W.2d at 904).

In its order denying relief, the post-conviction court first noted that the trial court conducted a full plea colloquy with petitioner when he entered the guilty pleas disposing of all of his outstanding criminal charges. The post-conviction court then reviewed the factors pertinent to a determination of whether a petitioner entered a knowing, voluntary, and intelligent plea. Specifically, the court determined that petitioner "possess[ed] a degree of intelligence that [made] him fully capable of understanding the plea process," that he was familiar with the criminal justice system based on "his many previous experiences," and that "he was highly motivated" to plead guilty "to avoid a greater penalty that might result from

a jury trial." *Id.* The post-conviction court concluded that "[t]here [was] nothing on the record to show that [petitioner] did not 'knowingly and voluntarily" enter into the pleas with the State in the current cases. Nor [was] there anything in the record to show that counsel was in any way ineffective in his representation of petitioner in this case."

We agree with the post-conviction court that the record establishes neither deficient performance by trial counsel nor resulting prejudice to petitioner. At the post-conviction evidentiary hearing, petitioner admitted that he provided the arresting officer with a false name, false birth date, and false social security number. However, he maintained that trial counsel did not advise him of the elements of false reporting. Trial counsel acknowledged that he likely did not advise petitioner as such but that petitioner nonetheless understood he was entering "a best-interest plea because they needed to work a package out . . . ." Trial counsel testified that petitioner was very familiar with the criminal justice system, possessed a keen understanding of the sentencing ranges and classifications, and was very intelligent and competent. Trial counsel considered the number of charges that petitioner faced, together with his potential sentence exposure, in advising petitioner. Moreover, trial counsel secured an effective twenty-year sentence that disposed of all of petitioner's outstanding offenses, despite the fact that the State sought a fifty-year sentence to settle the charge of attempted first degree murder alone. Trial counsel also explained that because of petitioner's criminal history and because he was on bond when he committed some of the offenses, the trial court likely would have imposed consecutive sentences for not only the two charges that were consecutively aligned but for all remaining charges, including two counts of felony theft and failing to register as a sex offender.

Moreover, petitioner's testimony at the post-conviction hearing was in direct conflict with his testimony at the guilty plea hearing. "A petitioner's testimony at a guilty plea hearing 'constitute[s] a formidable barrier' in any subsequent collateral proceeding because '[s]olemn declarations in open court carry a strong presumption of verity.'" *Bruce S. Rishton v. State*, No. E2010-02050-CCA-R3-PC, 2012 WL 1825704, at \*17 (Tenn. Crim. App. May 21, 2012) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). In this case, the post-conviction court credited petitioner's testimony during the guilty plea hearing over his testimony at the post-conviction hearing. In sum,

> [t]he evidence does not preponderate against the findings of the post-conviction court. It appears the petitioner is suffering from a classic case of 'Buyer's Remorse,' in that he is no longer satisfied with the plea for which he bargained. A plea, once knowingly and voluntarily entered, is not subject to obliteration under such circumstances.

-8-

*Robert L. Freeman v. State*, No. M2000-00904-CCA-R3-PC, 2002 WL 970439, at \*2 (Tenn. Crim. App. May 10, 2002).  Petitioner is not entitled to relief.

## CONCLUSION

Upon review of the record, the briefs of the parties, and the applicable legal authorities, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE